**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **EARNEST O. SMITH,** | ) | **CASE NO. 3:09CV470** |
| | ) | |
| **Petitioner,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **DAVID BOBBY, Warden** | ) | **MEMORANDUM OF OPINION** |
| | ) | |
| **Respondent.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner Earnest O. Smith's Petition

under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF

#1).  For the following reasons, the Court accepts and adopts the Magistrate Judge's

Report and Recommendation and denies Petitioner's Petition.

## FACTS

The following is a factual synopsis of Petitioner's claims.  The Magistrate Judge's

Report and Recommendation, adopted and incorporated, provides a more complete and

1

detailed discussion of the facts.  Petitioner was indicted by the Lucas County, Ohio Grand Jury on one count of Aggravated Murder in violation of Ohio Revised Code R.C. §2903.01(B) and (F), with a Firearm Specification, and one count of Aggravated Robbery in violation of R.C. §2911.01(A)(1) with a Firearm Specification.

Petitioner was found guilty by a jury of both charges in the indictment and on October 19, 2005, the trial court sentenced Petitioner to life in prison, with parole eligibility after twenty years, for the Aggravated Murder conviction, consecutive to eight years for the Aggravated Robbery conviction. The court merged the two gun specifications and sentenced Petitioner to three years for the Firearm Specifications, for an aggregate term of thirty-one years to life.

Petitioner filed a timely Appeal to the Sixth District Court of Appeals on November 9, 2005.  On October 19, 2007, the Court of Appeals affirmed the judgment of the trial court.  Petitioner  filed a timely Appeal to the Ohio Supreme Court, on December 3, 2007. On March 12, 2008, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.  Petitioner  filed a Petition for a Writ of Habeas Corpus in this court on March 2, 2009, asserting the following three claims:

> **GROUND ONE**: MR. SMITH'S FIFTH AMENDMENT RIGHTS WERE VIOLATED AT TRIAL, AND THE OHIO COURT OF APPEALS UNREASONABLY APPLIED  *MIRANDA V. ARIZONA*, AND MADE A RULING CONTRARY TO *EDWARDS V. ARIZONA*, WHEN IT AFFIRMED THE DENIAL OF SMITH'S SUPPRESSION MOTION.
> **Supporting FACTS**: In early February 2005, Mr. Smith was extradited to Lucas County from Tennessee, for the purpose of being custodially interrogated  regarding the early January murder of James Dillingham. Mr. Smith is bipolar, and was deprived of his medication for that condition for 8 days before being interrogated, and spent 3 days in transport from

2

Tennessee to Toledo. Upon his arrival at the Lucas County Jail, he told staff that he wanted to call his lawyer. Jail staff informed him that Detective Michael Riddle, the lead investigator regarding the murder of James Dillingham, had instructed them not to allow Mr. Smith to use the phone. Despite Mr. Smith's clear statement that he wanted to talk to his attorney, Detective Riddle interrogated Mr. Smith hours thereafter, having first procured from him a waiver of his Miranda rights. It is the voluntariness of this waiver that Mr. Smith contests, and the state's failure to honor his request for counsel.

**GROUND TWO**: MR. SMITH'S SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WAS VIOLATED AT TRIAL, AND THE OHIO COURT OF APPEALS UNREASONABLY APPLIED *STRICKLAND v.WASHINGTON* WHEN IT DETERMINED OTHERWISE.
**Supporting FACTS**: Mr. Smith's counsel did not request an evaluation as to Mr. Smith's competence 1) at the time of his custodial interrogation, or 2) to stand trial. The record demonstrates that Mr. Smith's bipolar disorder was untreated for 8 days immediately preceding his interrogation, and that on the transport bus  to Lucas County from Tennessee he used his teeth to bite a hole in a bus seat  and pull stuffing out through the hole. Further, the incoherent nature of the trial testimony of Mr. Smith demonstrates his lack of competence at trial.

**GROUND THREE**: THE OHIO COURT OF APPEALS UNREASONABLY APPLIED *JACKSON v. VIRGINIA* WHEN IT DETERMINED THAT THERE WAS  SUFFICIENT EVIDENCE TO ALLOW A RATIONAL TRIER OF FACT TO CONVICT MR. SMITH OF AGGRAVATED MURDER AND AGGRAVATED ROBBERY.
**Supporting FACTS**: No physical evidence or eyewitness testimony linked Mr. Smith to the robbery and murder of James Dillingham. His convictions were based on his own statements (procured in custody when he had been deprived of psychotropic medication), the statements of a snitch who was being transported with Mr. Smith, and testimony that he associated before and after the  crimes with those individuals who committed the crimes.

On March 9, 2009, this Court referred Petitioner's Petition to the Magistrate Judge for a

Report and Recommendation. The Magistrate Judge issued her Report and

Recommendation on January 8, 2010.  Petitioner filed his Objections to the Report and

Recommendation on January 22, 2010.

## STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States."  Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000).  The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## ANALYSIS

Respondent asserts that Petitioner failed to fairly present a portion of Ground

Two to the state courts when he failed to argue that his counsel should have sought a competency evaluation at the time of interrogation and at trial, and is therefore procedurally defaulted.  Petitioner contends in Ground Two that his trial counsel was ineffective for failing to request a competency evaluation both at the time of his custodial interrogation and at the time of trial.  The Court agrees with the Magistrate Judge's determination that the arguments of the parties are largely irrelevant in light of the fact that in his Traverse, Petitioner seems to argue that trial counsel should have requested a competency hearing at some point prior to trial, rather than specifically at the time of the interviews.  Therefore, Ground Two is reviewed on the merits.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") altered the standard of review that a federal court must apply when deciding whether to grant a writ of habeas corpus. As amended, 28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under the current deferential standard of review, a writ of habeas corpus may issue only if the state court's decision is contrary to clearly established federal law or is based on an unreasonable determination of the facts in light of the evidence. *Carey v. Musladin*, 549 U.S. 70, 74 (2006); *Williams v. Taylor*, 529 U.S. 362, 379-90 (2000). Law is "clearly established" only by holdings of the Supreme Court, not its dicta, and the law must be clearly established at the time of the petitioner's conviction. *Carey*, 549 U.S. at

5

74.

In Ground One, Petitioner contends that the trial court violated his Fifth Amendment rights when it failed to exclude evidence regarding two videotaped statements he made to police.  Petitioner asserts that his *Miranda* waiver was not voluntary because police coerced him by denying him medication and took advantage of his mental illnesses.  In Respondent's Answer/Return of Writ, Respondent asserts that the Court of Appeals found that Petitioner had waived his rights and that he was at the time competent to waive his Fifth Amendment rights.

A defendant validly may waive a constitutional right if he does so voluntarily, knowingly, and intelligently. *Miranda v. Arizona*, 384 U.S. at 444. By the same token, a defendant may waive his privilege against self-incrimination and make statements to the police. Those statements, if voluntary, are admissible at trial. *Colorado v. Connelly*, 479 U.S. 157, 163-64 (1986). The Magistrate Judge points out that the Court of Appeals reviewed the videotape and found nothing about Petitioner's demeanor to suggest that he was unable to make decisions for himself or that his will was overborne.

Petitioner contends that his waiver of *Miranda* rights was not voluntary, citing that he is bipolar, suffers from Attention Deficit Hyperactivity Disorder ("ADHD"), and was deprived of his medication for those conditions for eight days prior to the first interrogation. The Court of Appeals review of the videotape found that Petitioner was coherent and provided with food and drink.  Petitioner does not allege that he was in any physical pain due to his lack of medication. Also, Petitioner does not present evidence of what the effects of his lack of medication were, through either his testimony or by a medical expert.

6

In his Objections to the Magistrate Judge's Report and Recommendation, Petitioner contends that he was not in a normal mental state when he was interrogated. However, the Magistrate Judge determined by her observation that while Petitioner sometimes speaks with anger and occasional angst, such conduct does not fall outside the broad range of normal behavior.  Petitioner does not appear to be suffering any physical pain or injury, is in a typical interrogation room, and provided with cigarettes, food, and coffee during questioning.  The Court agrees with the Magistrate Judge that Petitioner has not identified circumstances that amount to police coercion. Without evidence of coercion, Petitioner simply does not demonstrate that his waiver of his *Miranda* rights was involuntary. *See Colorado v. Connelly*, 497 U.S. at 167. Therefore, the state court's analysis was not an unreasonable application of federal law and Ground One lacks merit and is denied.

In Ground Two, Petitioner contends that his trial counsel was ineffective because counsel failed to request a competency evaluation either prior to, or during trial. In Respondent's Answer/ Return of Writ, Respondent asserts that after reviewing the videotape and the trial transcript, the Court of Appeals found that nothing in appellant's testimony or in his videotaped statements previously given to police indicates that he did not understand the proceedings against him or was unable to assist in his defense. In order to establish ineffective assistance of counsel, a petitioner must show that counsel's conduct fell so far below acceptable standards of representation that counsel was not functioning as "counsel" guaranteed by the Sixth Amendment to the United States Constitution, and that such deficient performance so prejudiced the defense as to render the proceeding unfair. *See Strickland v. Washington*, 466 U.S. 668 (1984).

7

The Magistrate Judge correctly points out that not every manifestation of mental illness demonstrates incompetency to stand trial. Neither low intelligence, mental deficiency, nor the fact that a defendant has been treated with anti-psychotic drugs can automatically be equated with incompetence. *Burket v. Angelone*, 208 F.3d 172, 192 (4th Cir. 2000); *Miles v. Dorsey*, 61 F.3d 1459, 1474 (10th Cir. 1995); *Hastings v. Yukins*, 194 F.Supp.2d 659, 671-672 (E.D.Mich. 2002). Major depression, generalized anxiety, or borderline personality disorders do not necessarily show that a defendant is unable to consult with his or her lawyer or is incapable of understanding the proceedings against him or her. *United States v. Teague*, 956 F.2d 1427, 1432 (7th Cir.1992).

The Court agrees with the Magistrate Judge and the appellate court in its determination that the failure to request a competency hearing did not amount to ineffective assistance of counsel.  On the issue of appellant's competency, the Supreme Court of Ohio has held that "[t]he term 'mental illness' does not necessarily equate with the definition of legal incompetency." *State v. Berry* (1995), 72 Ohio St.3d 354, syllabus. In this case, although Petitioner suffers from mental illness, the videotaped interviews and Petitioner's trial testimony do not demonstrate that he lacked the ability to consult with his lawyer with a reasonable degree of rational understanding in preparation for trial, or that he lacked an understanding of the proceedings against him.

The Court finds that trial counsel's failure to request a competency evaluation at any point of the proceedings does not amount to ineffective assistance of counsel. The appellate court did not unreasonably apply federal law in failing to find that Petitioner's trial counsel was ineffective for not requesting a competency hearing. Therefore,

Ground Two lacks merit and is denied.

In Ground Three, Petitioner contends that the State did not present sufficient evidence to support a conviction of Aggravated Murder and Aggravated Robbery. The due process clause of the Fourteenth Amendment requires that a criminal conviction be based upon proof beyond a reasonable doubt as to every fact necessary to constitute the offense charged.  The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259.

However, a federal court reviewing a petition for a writ of habeas corpus has no authority to reassess the credibility of witnesses or re-weigh the evidence. *Herrera v. Collins*, 506 U.S. at 401-02.  The Court agrees with the Magistrate Judge in pointing out that this standard of review does not permit the federal habeas court to make its own subjective determination of guilt or innocence; the standard gives full play to the responsibility of the trier of fact to resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from the facts. *Herrera*, 506 U.S. 390, 401-02 (1993).

The Court finds the Magistrate Judge's well-reasoned Report and Recommendation thoroughly addressed Petitioner's arguments regarding his statements during the interviews.   The Magistrate Judge correctly determined in the Report and Recommendation that Petitioner's admissions were not coerced but were voluntary, and so they were admissible as evidence during his trial.  Therefore, the state court's decision that sufficient evidence supports Petitioner's convictions is not an

unreasonable application of federal law. Ground Three is without merit and is denied

For the foregoing reasons, the Court finds the Magistrate Judge's Report and

Recommendation accurately and thoroughly addresses Petitioner's arguments.   The

Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well reasoned Report and

Recommendation and Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas

Corpus by a Person in State Custody is denied.

The Court finds an appeal from this decision could not be taken in good faith. 28

U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of

a constitutional right directly related to his conviction or custody, the Court declines to

issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

IT IS SO ORDERED.


s/Christopher A. Boyko
Date:2/22/2010                    CHRISTOPHER A. BOYKO
United States District Judge